# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARIO SEARS, | ) |
| Plaintiff, | ) 2:06-cv-00114-RCJ-PAL |
| vs. | ) **REPORT OF FINDINGS AND** |
| GLEN WHORTON, et al., | ) **RECOMMENDATION** |
| Defendants. | ) |

Plaintiff Mario Sears is proceeding in this action *pro se*. This matter is before the court on Sears' failure to comply with the court's order (#11) to provide the court with his current address as required by Local Rule LSR 2-2. This matter was referred to the undersigned pursuant to LR 1B 1-4 and 28 U.S.C. § 636(b)(1)(B). The court makes the following findings:

1. Sears submitted an Application to Proceed *in Forma Pauperis* (#1) and a Civil Rights Complaint on January 30, 2006. He stated in the Application that he was in the custody of High Desert State Prison.

2. On March 20, 2006, the court ordered (#2) Sears to submit another Application to Proceed *in Forma Pauperis* because Sears' first Application (#1) was incomplete.

3. Sears filed a second Application to proceed *in Forma Pauperis* (#3) on May 4, 2006, which the court granted in an order (#4) entered June 22, 2006.

4. On August 23, 2006, Sears filed a Notice of Change of Address (#5), informing the court that his new address was at Ely State Prison.

5. The court screened the Complaint (#1-2) in an order (#7) entered February 15, 2008. The court ordered the Clerk of the Court to file the Complaint. However, the court's order (#7) was returned from Ely State Prison as undeliverable as to Sears with the notation that

Sears was not an inmate at Ely State Prison.  Sears did not file a subsequent Notice of Change of Address.

6. On March 6, 2008, the court ordered (#11) Sears to update his address and advised Sears that failure to update his address would result in a recommendation to the district judge that this action be dismissed pursuant to Local Rule LSR 2-2, which requires Sears to promptly inform the Court of any changes in address and states that failure to comply with this rule may result in dismissal of the action with prejudice.  The court's order (#11) was returned as undeliverable as to Sears from Ely State Prison on March 17, 2008 (#12).

7. Under the Local Rules of Special Proceedings and Appeals, "The plaintiff shall immediately file with the court written notification of any change of address. . . .  Failure to comply with this rule may result in dismissal of the action with prejudice."  LSR 2-2.

8. Sears has failed to update his address as required by LSR 2-2 and the court's order (#11).  Multiple court orders (## 7 and 11) have been returned as undeliverable as to Sears due to his failure to provide the court with an updated address.  The court has warned Sears that failure to provide the court with an updated address pursuant to LSR 2-2 would result in a recommendation to the district judge that this action be dismissed.  Sears's failure to update his address as required by the Local Rules and the court's order has delayed the proceedings, prevented the court from communicating with Sears, interfered with the court's management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice.

Based on the foregoing and for good cause appearing,

**IT IS RECOMMENDED** that this case be dismissed with prejudice for Sears' failure to provide the court with an updated address as required by Local Rule LSR 2-2.

## NOTICE

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  Pursuant to

Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve <u>specific written objections</u> together with points and authorities in support of those objections, within ten (10) days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.

    Dated this 10th day of April, 2008.

                                                   _____
                                                   PEGGY A. LEEN
                                                   UNITED STATES MAGISTRATE JUDGE